**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted January 30, 2012[*]
Decided February 10, 2012

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 11-2923 | Appeal from the United States District Court for the Western District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 06-cr-8-bbc |
| MICHELE M. NELSON, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

### Order

In 2006 Michele Nelson pleaded guilty to drug crimes, and we dismissed her appeal as frivolous. See *United States v. Briesemeister*, No. 06-3633 (7th Cir. Apr. 8, 2008) (nonprecedential disposition). In July 2011 Nelson filed a motion asking the district court to reduce her sentence. The judge understood this motion to be based on a change in the way the Sentencing Guidelines calculate criminal history, and the judge denied it because the Sentencing Commission had not declared the change to have retroactive effect. Changes in the Guidelines

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f)

apply retroactively only with the Sentencing Commission's authorization. See 18 U.S.C. §3582(c)(2).

In this court, Nelson contends that her motion has been misunderstood, and that she seeks to have *Begay v. United States*, 553 U.S. 137 (2008), applied retroactively in a way that would reduce her criminal-history category. See *Narvaez v. United States*, No. 09-2919 (7th Cir. Dec. 6, 2011). But if we understand Nelson's motion as one under 28 U.S.C. §2255, rather than under 18 U.S.C. §3582(c)(2), this does her no good. Prisoners have only one year from the time a conviction becomes final to commence proceedings under §2255. A new one-year period begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review". 28 U.S.C. §2255(f)(3). If *Begay* is such a decision, then the additional one-year period began on April 16, 2008, and expired more than two years before Nelson filed her motion. Narvaez asked for relief within a year of *Begay*; Nelson did not.

So whichever way one understands Nelson's motion—as under §3582(c)(2), or as under §2255—the district court did not err.

AFFIRMED